(10 Misc. Rep. 234.)

## BRANDT v. SIEDLER.

(City Court of New York, General Term. November 20, 1894.)

1. RECEIVERS—LIABILITIES—CONTRACTS.
    A receiver who employs persons to complete unfinished houses owned by his insolvent is personally liable to such persons, and cannot be sued as a receiver.

2. ACTION—MISJOINDER OF CAUSES.
    It is a misjoinder to sue a defendant individually and as receiver on causes of action for which he is liable only as an individual.

Appeal from special term.

Action by William H. Brandt against Charles Siedler, individually and as receiver of the Lorillard Brick-Works Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

The complaint alleged that the Lorillard Brick-Works Company formerly owned certain houses in New York City, the titles to which stood in the names of other persons; that, on his appointment as receiver, the defendant took possession of the houses, and completed them; that he employed one Webster to complete the houses and to make contracts therefor in his own name, but for defendant's benefit; that Webster contracted with plaintiff to do certain work on the houses; that defendant, individually and as such receiver, ratified and approved the contract, and agreed to see that the same was fulfilled by said Webster and by himself, individually or as such receiver.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Tillotson & Kent, for appellant.
George W. Carr, for respondent.

EHRLICH, C. J. The plaintiff, by his complaint, seeks to hold the defendant liable in a dual capacity,—First, as an individual; and, second, as receiver of the Lorillard Brick-Works Company,—on causes of action wherein he is liable individually, if at all. Ryan v. Rand, 20 Abb. N. C. 314. The defendant demurred to the complaint on the ground that there had been a misjoinder of causes of action, and for the reason that it was improper to thus join defendant as liable in both capacities in the same action. The court overruled the objection, and ordered judgment on the demurrer in favor of the plaintiff. This was error; so that the interlocutory judgment and order appealed from must be reversed, with costs, upon payment of which the plaintiff may have leave to amend by making the action one against the defendant individually or as receiver, at his option. All concur.